IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA HUGHES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0129-WS-M |
| | ) |
| BUTCH OUSTALET CHEVROLET- | ) |
| CADILLAC, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Compel Arbitration and Dismiss with Prejudice, or Alternatively, Stay Proceedings (doc. 7). Plaintiffs have filed a Response (doc. 12), and the Motion is now ripe.

Plaintiffs, Sandra and Wesley Hughes, filed a Complaint against defendant Butch Oustalet Chevrolet-Cadillac, LLC, and a pair of fictitious defendants in the Circuit Court of Mobile County, Alabama, on February 24, 2016.[1] The Complaint asserted a host of state-law and federal claims sounding in fraud, conversion, breach of contract, trespass and other theories. Such causes of action arise from factual allegations that Butch Oustalet wrongfully repossessed a

---

[1] Specifically, the Complaint names as defendants "Fictitious Defendants A & B," which it describes as "individuals or corporate entities who acted on Butch Oustalet's behalf to conduct the unlawful repossession." (Complaint, ¶ 4.) However, fictitious-party pleading is generally not permitted in federal court, absent certain circumstances that are not present here. *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."); *John Hancock Life Insurance Company (USA) v. Andrews*, 2015 WL 8346965, *1 n.1 (N.D. Ga. Dec. 8, 2015) ("Fictitious party pleading is not permitted in federal court, unless Plaintiff describes the defendants with enough specificity to determine their identities."); *Dubose v. City of Hueytown*, 2015 WL 5011383, *4 (N.D. Ala. Aug. 24, 2015) ("Fictitious party practice is generally not permitted in federal court."); *see generally* Rule 10(a), Fed.R.Civ.P. ("The title of the complaint must name all the parties …."). In accordance with this general rule, and the inapplicability of the narrow exceptions to same, plaintiffs' claims against Fictitious Defendants A & B are **dismissed**.

2015 Chevrolet Malibu that plaintiffs had purchased from that defendant (an automobile dealership in Pascagoula, Mississippi) in September 2015.  Last month, defendant removed this action to this District Court, properly predicating subject-matter jurisdiction on 28 U.S.C. § 1331, given the federal question raised by plaintiffs' claim for violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*, asserted on the face of the Complaint, with supplemental jurisdiction over the remaining non-federal claims properly invoked pursuant to 28 U.S.C. § 1367.

Now Butch Oustalet seeks an order compelling arbitration of plaintiffs' claims against it.  As grounds for its Motion to Compel Arbitration, defendant points out that the Retail Installment Sale Contract executed by Sandra and Wesley Hughes for the subject vehicle includes an Arbitration Provision in which plaintiffs agreed that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise … between you and us … which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship … shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."  (Doc. 7, Exh. A, at 5.)  Butch Oustalet further shows that Sandra and Wesley Hughes executed a separate Arbitration Agreement in connection with their purchase of the 2015 Chevy Malibu, whereby they and Butch Oustalet agreed that "all claims, demand[s], disputes, or controversies of every kind or nature between them arising from, concerning … the terms and provisions of the sale, lease, or financing agreements … or any other aspects of the vehicle / watercraft and its sale, lease, or financing **shall be settled by binding arbitration**."  (Doc. 7, Exh. B.)  Defendant maintains that the clear, unambiguous language of the Arbitration Provision and Arbitration Agreement demonstrates that plaintiffs have agreed, and should be compelled, to arbitrate their claims against Butch Oustalet.

The Federal Arbitration Act ("FAA"), which governs the Motion to Compel Arbitration, provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  In conformity with the FAA, "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms."  *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1349 (11th Cir. 2014) (citations omitted).  Indeed, the Supreme Court has directed that "[w]hether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties."  *Stolt-*

*Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) (citation and internal quotation marks omitted).  Also, when courts are asked to enforce arbitration agreements, "due regard must be given to the federal policy favoring arbitration, and ambiguities to the scope of the arbitration clause itself resolved in favor of arbitration." *Inetianbor*, 768 F.3d at 1353 (citation and internal quotation marks omitted).

On its face, the broad language contained in the Arbitration Agreement and the Arbitration Provision of the Sale Contract appears to encompass all claims asserted by Sandra Hughes and Wesley Hughes against Butch Oustalet Chevrolet-Cadillac, LLC in this matter. After all, plaintiffs' claims asserted herein plainly arise out of or relate to their purchase of the 2015 Chevrolet Malibu, and the terms and provisions of its sale, lease or financing.  By all appearances, then, compelling the parties to arbitrate this matter would give effect to the parties' contractual rights and expectations, enforcing those agreements to arbitrate according to their terms, and honoring the FAA's clear presumption and national policy in favor of arbitration. Plaintiffs dispute none of this.  Indeed, their two-sentence Response to Motion to Compel Arbitration reflects that "Plaintiffs consent to this case being stayed pending the submission of this matter to arbitration."  (Doc. 12.)  In light of the foregoing, the Court readily concludes that arbitration is properly compelled in this case.

The only remaining issue is whether the Hughes' claims should be stayed or dismissed pending arbitration.  Butch Oustalet advocates for the latter approach, citing authorities from other jurisdictions that have dismissed a plaintiff's claims upon compelling arbitration.  *See, e.g., Adam Technologies Int'l S.A. de C.V. v. Sutherland Global Services, Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) (stating that it was bound by circuit precedent declaring that "dismissal is appropriate when *all* of the issues raised in the district court must be submitted to arbitration") (citation and internal quotation marks omitted).  Plaintiffs favor the former result, but identify no supporting authorities.  Nonetheless, plaintiffs have the better argument on this point.  The text of the FAA itself provides that when a court determines an issue is properly referred to arbitration pursuant to an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had …."  9 U.S.C. § 3. Moreover, the Eleventh Circuit has opined that, where a district court found that claims were subject to arbitration, it "erred in dismissing the claims rather than staying them.  Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed

pending arbitration." *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992).[2] Even if Butch Oustalet is correct that this Court has discretion to dismiss, rather than stay, plaintiffs' claims, the Court declines to exercise that discretion and expressly concludes that a stay, rather than dismissal, is appropriate under the circumstances presented here.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant Butch Oustalet's Motion to Compel Arbitration and Dismiss with Prejudice, or Alternatively, Stay Proceedings (doc. 7) is **granted in part**, and **denied in part**;

2. The Motion is **granted** insofar as defendant seeks to compel arbitration of the claims plaintiffs have asserted against it in the Complaint, and all such claims are hereby **referred** to binding arbitration in accordance with the terms of the Arbitration Provision set forth in the Retail Installment Sale Contract (doc. 7, Exh. A) and the Arbitration Agreement (doc. 7, Exh. B);

3. The Motion is **denied** insofar as defendant requests that this action be dismissed with prejudice, rather than stayed, pending arbitration;

4. Plaintiffs' claims against Fictitious Defendants A & B are **dismissed**;

5. There being no remaining issues for litigation in these court proceedings, this action is **stayed** pending arbitration; and

---

[2] *See also Campbell v. Pilot Catastrophe Services, Inc.*, 2010 WL 3306935, *7 (S.D. Ala. Aug. 19, 2010) ("Where a plaintiff initiates litigation without satisfying arbitration requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism."); *Sightler v. Remington College*, 2015 WL 4459545, *5 (M.D. Fla. July 21, 2015) (relying on *Bender* to deny defendant's request to dismiss action when compelling arbitration, concluding that "[t]he Court will therefore compel arbitration and stay this action during the arbitration's pendency"); *United Steel, Paper and Forestry, Mfg., Energy, Allied Indus. and Service Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 2012 WL 2357738, *13 (N.D. Ala. June 15, 2012) ("Though there is case law in other circuits supporting the proposition that, under 9 U.S.C. § 3, courts have the discretionary authority to dismiss cases when compelling arbitration, the Eleventh Circuit adheres to a more literal interpretation of the statute.") (footnote omitted); *Wilcox v. Taco Bell of America, Inc.*, 2011 WL 3566687, *4 (M.D. Fla. Aug. 15, 2011) ("In light of this directive [in *Bender*], the Court finds that this action should be stayed pending arbitration and not dismissed.") (footnote omitted); *Williams v. Royal Caribbean Cruises, Ltd.*, 2011 WL 1467179, *2 (S.D. Fla. Apr. 18, 2011) ("This case shall be stayed pending arbitration.").

6.       Notwithstanding this determination, the Court retains jurisdiction to confirm or vacate any resulting arbitration award under 9 U.S.C. §§ 9-10. *See TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998). To keep the Court apprised of developments in the arbitral proceedings, Butch Oustalet is **ordered** to file, on or before the **first Monday of each month**, a written report reflecting the status of the arbitration proceedings. The first such report is due on or before **June 6, 2016**.

DONE and ORDERED this 29th day of April, 2016.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE